# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| LAVERN BERRYHILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **Case No. CIV 12-400-RAW-KEW** |
| | ) | |
| **RANDALL WORKMAN, Warden,** | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

This action is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, is challenging the execution of his sentence in Oklahoma County District Court Case No. CF-90-1614 for Larceny of Merchandise from a Retailer, After Conviction of Two Felonies. He raises five grounds for relief:

I.      Petitioner is in 13th Amendment unlawful custody obtained in violation of 42 U.S.C. §1985(3) Ku Klux Klan Act. . . . Atty. Gen. Scott Pruitt demonstrated to U.S. Cts. that under his administration, he will not allow his office/staff to dispute unlawful custody against me and said U.S. Dist. Ct. ordered D.O.C. to enter appearance and together they fabricated lawful custody of me to circumsent [sic] 2241 savings clause legislation . . . . To leave me in 13th Amend. slavery . . . for over 20 years. . . .

II.      To expose my 13th Amend./1985(3), *Id*., unlawful custody, in 2005 and 2010, this petitioner threatened to kill U.S. President G. W. Bush and his mother and Obama and his two little girls, on 2-14-2011, OKC U.S. Secret Service Agents came to O.S.P. and demonstrated to me that U.S. civil servants are prepared to kill me, if I did not shut up!!! . . . Stop trying to expose my 13th Amend. claims because U.S. Art. III civil servants will go to prison, if my claims are exposed!!! . . .

III.      In 1991, '92, '93, '94, '95, '96, Okl. governors commuted my sentence a total of 1, 500 days under Okl. "Cap" legislation and in 1996, D.O.C. without any lawful authority deprived me of those days.

IV.      In 1997, D.O.C. fabricated a charge of attempt to escape on me and with no evidence convicted me and because of such, I've been deprived of over 6 years time credits.

V. Petitioner received fabricated misconduct reports on 2-2-08; assault on staff with injuries in 2009; for illegal use of legal mail out, 2010; possession of cell phone, 2011; lying to staff, these fabricated misconduct reports were fabricated solely to deprive me of time credits to prolong my stay in prison to prevent me from exposing my 13th Amend. slavery for over 20 years.

The respondent alleges, among other things, that the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Petitioner has not responded to the motion to dismiss, except to claim it is unauthenticated and fraudulent, because it lacks a proper signature by the respondent's attorney [Docket No. 18]. Petitioner maintains he is entitled to immediate release, because he is not in lawful custody.

A review of Grounds II through V shows those alleged incidents occurred from 1991 to an unspecified date in 2011. This petition was filed on September 26, 2012, so any claims

2

that accrued prior to September 26, 2011, are time barred pursuant to 28 U.S.C. § 2244(d). The respondent's motion to dismiss does not address petitioner's alleged 2011 misconduct conviction for lying to staff set forth in Ground V, so the court cannot determine whether that claim is untimely.

The respondent also alleges this petition is successive, and petitioner has failed to move for leave to proceed in the Tenth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3). While authorization to proceed is required for habeas actions filed pursuant to 28 U.S.C. § 2254, there is no requirement in § 2244 for such authorization for § 2241 habeas claims. *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010), *cert. dismissed*, ___ U.S. ___, 131 S.Ct. 973 (2011). The district court, however, is not required to entertain a habeas action containing claims that already have been determined in a previous habeas proceeding.

The record shows petitioner has filed numerous habeas petitions attacking his conviction and the execution of his sentence. On December 29, 2011, he filed a § 2241 petition in the United States District Court for the Western District of Oklahoma, raising the same or similar claims as this action. *See Berryhill v. Jones*, No. CIV-11-1513-W, 2012 WL 3581340 (W.D. Okla. Aug. 17, 2012) (adopting and affirming the Magistrate Judge's Report and Recommendation, 2012 WL 3581087 (W.D. Okla. July 26, 2012)). The Magistrate Judge found petitioner's claims regarding racial animosity were not facially valid. *Id.*, 2012 WL 3581087 at *1. It also held that petitioner's "delusional allegations of a racially charged plot" were "substantially similar and remain[ed] frivolous notwithstanding the shift from [petitioner's previous] section 1983 case to habeas corpus." *Id.* (citing *Berryhill v. United States,* No. CIV-12-225-C (W.D. Okla. May 15, 2012)). Petitioner's claims regarding the alleged commutation of his sentence by the governor and his entitlement to "cap" credits were dismissed as untimely. *Id.* at *2.

Petitioner's Western District case also raised his claims regarding "fabricated" misconduct convictions, but the misconducts from 2008, 2009, and 2010 were barred by the statute of limitations. *Id.* at *2-3. His claim regarding his 2011 misconduct for giving a false

statement to staff was determined to be moot, because he had been granted a rehearing about a month after his Western District habeas petition was filed on December 29, 2011. *Id.* at *3 (citing *Smallwood v. Scibana*, 227 Fed. Appx. 747, 749 (10th Cir. Apr. 10, 2007) (unpublished op.) (holding that an action became moot when the petitioner had challenged procedures at the initial hearing, the misconduct conviction was vacated, the same sanctions were imposed at the rehearing, and he did not challenge the rehearing)). Although petitioner was found guilty at the rehearing, he did not challenge the rehearing in the Western District § 2241 petition.

Based on the above analysis from the Western District's findings, it appears petitioner's rehearing on the 2011 misconduct would have been held less than a year before this present petition was filed. The respondent has not addressed whether this claim is unexhausted or successive.

**ACCORDINGLY,** the respondent's motion to dismiss [Docket No. 16] is DENIED with respect to petitioner's claims concerning his 2011 misconduct and GRANTED with respect to all other claims being untimely or successive. The respondent is directed to file a response to the 2011 misconduct claim within 30 (thirty) days. All other pending motions are DENIED.

**IT IS SO ORDERED** this 2nd day of July 2013.

Ronald A. White
_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**