IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAVERN BERRYHILL,

    Petitioner,

v().    No. CIV 12-400-RAW-KEW

ANITA TRAMMELL, Warden,

    Respondent.

## OPINION AND ORDER

On July 2, 2013, the court dismissed petitioner's claims in this action, except his claim regarding an allegedly fabricated 2011 misconduct report at Oklahoma State Penitentiary (OSP). (Docket No. 24 at 4). As directed by the court, the respondent has addressed this claim by filing a motion to dismiss, alleging among other things that the claim is procedurally barred. (Docket No. 28).[1]

The record shows that on September 12, 2011, petitioner received a misconduct for making false statements against OSP staff members. A disciplinary hearing was held on September 29, 2011, and petitioner was found guilty of the offense. After his first appeal to the Administrative Review Authority (ARA), the Director's Designee ordered a rehearing, because the facility had failed to provide a digital recording of the hearing. OSP staff

---

[1] The respondent asserts petitioner should not be allowed to proceed *in forma pauperis*, because he has more than three "strikes" under 28 U.S.C. § 1915(g). The Tenth Circuit, however, has held that "[h]abeas corpus and 28 U.S.C. § 2255 proceedings are not civil actions under 28 U.S.C. § 1915." *Jennings v. Natrona County Detention Center Medical Facility*, 175 F.3d 775, 780 (10th Cir. 1999). *See also United States v. Simmonds*, 111 F.3d 737, 741 (10th Cir. 1997), *overruled on other grounds by United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003). Therefore, the "three-strike" provision of § 1915(g) does not apply to a habeas petitioner's *in forma pauperis* application.

attempted to provide petitioner a notice of the rehearing, but he refused to sign the form acknowledging receipt of the notice. On January 25, 2012, the disciplinary hearing officer interpreted petitioner's refusal to sign as a guilty plea and imposed sanctions. The facility head affirmed. After reviewing this court's July 2, 2013, Opinion and Order, the ARA Manager reviewed petitioner's file and determined that the refusal to sign was misinterpreted as a guilty plea. Therefore, a second rehearing was ordered.

After the second rehearing, petitioner sent correspondence to the ARA Manager, advising that he was attempting to appeal the findings of the disciplinary hearing officer at the rehearing. The correspondence was returned unanswered on July 29, 2013, because petitioner had not used the proper form, and he had failed to appeal the misconduct to the facility.

Pursuant to Okla. Stat. tit. 57, § 564.1(A)(1), petitioner had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process to file a petition for judicial review in the state district court. According to the Oklahoma State Court Network, however, he failed to do so. (Docket No. 28-10).

The respondent alleges petitioner has not exhausted his state court remedies by presenting his claim to a state district court through a petition for judicial review and then appealing any adverse decision to the Oklahoma Court of Criminal Appeals. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or

2

§ 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1, effective May 10, 2005. The statute specifically requires the state court to determine whether due process was provided. Okla. Stat. tit. 57, § 564.1(D).

Petitioner's failure to exhaust his state court remedies is complicated by the fact that it now is too late for him to file a petition for judicial review. Under § 564.1(A)(1) he had 90 days from the date he was notified of the DOC's final decision in the disciplinary appeal process. "[I]f state court remedies are no longer available because the prisoner failed to comply with the deadline for seeking review, the prisoner's procedural default functions as a bar to federal habeas review." *Magar v. Parker*, 490 F.3d 816, 819 (10th Cir. 2007) (citing *Woodford v. Ngo*, 548 U.S. 81 93 (2006)). *See also Gray v. Netherland*, 518 U.S. 152, 162 (1996) (such a "procedural bar . . . gives rise to exhaustion [and] provides an independent and adequate state-law ground for the [sanction imposed]"); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Cargle v. Mullin*, 317 F.3d 1196, 1212 n.15 (10th Cir. 2003).

Petitioner's procedural default may be excused if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006) (quoting *Coleman*, 501 U.S. at 750). Petitioner alleges he does not have any state remedies to exhaust (Docket No. 30 at 5), and his reply to the respondent's motion to dismiss merely reiterates the allegations in the petition. (Docket No. 34). These unsupported, conclusory allegations will not suffice to

waive exhaustion or the procedural bar.

Because petitioner has failed to show cause for the default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993). Regarding the fundamental miscarriage of justice exception, it "is a markedly narrow one, implicated only in 'extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent'" *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007) (quoting *Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999)). Petitioner has not made this showing.

**ACCORDINGLY,** the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus [Docket No. 28] is GRANTED, all remaining motions are DENIED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this 6th day of March 2014.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**